**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: EDRA D. BLIXSETH,<br><br>Debtor,<br>------------------------------<br>RICHARD J. SAMSON, Chapter 7<br>Trustee for the Estate of Edra D. Blixseth,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WESTERN CAPITAL PARTNERS, LLC,<br><br>Defendant-Appellant. | No.   14-35741<br><br>D.C. No. 2:13-cv-00025-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted February 7, 2017
Seattle, Washington

Before:  FISHER, PAEZ and CALLAHAN, Circuit Judges.

Western Capital Partners, LLC, appeals the district court's order affirming

the bankruptcy court's judgment in favor of the bankruptcy trustee, Richard

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Samson, on the trustee's claims of constructively fraudulent transfer and usury. We have jurisdiction under 28 U.S.C. § 158(d), and we reverse in part, affirm in part and remand.

1. Before the bankruptcy court, Samson sought to avoid debtor Edra Blixseth's guaranty of a $13 million loan Western Capital issued to Blixseth's son. A constructively fraudulent transfer claim requires proof (1) the challenged transfer occurred within two years of the bankruptcy; (2) the debtor received less than reasonably equivalent value for the transfer; and (3) the debtor was insolvent at the time of the transfer. *See In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1145 (9th Cir. 2013); 11 U.S.C. § 548(a)(1)(B). The bankruptcy court concluded Blixseth was insolvent at the time of the transfer after it excluded Blixseth's interest in the undivided portion of her marital community, which was worth over $400 million at the time of the loan. This was error. Because Blixseth's creditors could have reached her share of the community property through legal process, the property should have been included in the solvency analysis. *See In re Marriage of Schenk*, 279 Cal. Rptr. 651, 654 n.2 (Ct. App. 1991) (creditors may collect post-separation debts from the debtor spouse's share of community property); *see also* 2-101 *Collier on Bankruptcy* § 101.32 (16th ed. 2016) ("[I]t is obvious that interests which are subject to creditors' remedies must necessarily be

considered."). Including these assets in the solvency analysis, Blixseth was solvent under all of the relevant tests. *See* 11 U.S.C. § 548(a)(1)(B)(ii). Samson's fraudulent transfer claim therefore fails.

2. The district court held Western Capital waived its argument that res judicata precluded Samson's usury claim. Although Western Capital reasserts its res judicata argument in conclusory fashion before this court, it has not identified any error in the district court's conclusion this argument was waived. We affirm the entry of judgment for Samson on the usury claim.

**REVERSED IN PART, AFFIRMED IN PART AND REMANDED. EACH PARTY SHALL BEAR ITS OWN COSTS ON APPEAL.**